## COMMONWEALTH *vs.* BARNARD GORMAN.

The refusal to dismiss a complaint on motion for insufficiency in the description of the offence is not a subject of exception.

The fact that a man applied for a license to keep a dog is competent evidence that he was the owner or keeper of the dog, on the trial of a complaint against him for keeping a dog without a license.

COMPLAINT on the Gen. Sts. *c.* 88, § 52, alleging that the defendant at Medway on the 28th of July 1860 " did unlawfully keep a certain small dog of yellowish color, said dog not being licensed, registered, numbered and described; against the peace of the Commonwealth, and the form of the statute in such case made and provided."

At the trial in the superior court in Norfolk, before *Putnam*, J., the defendant moved to dismiss the complaint, because it did not allege that the defendant had not caused the dog to be registered, numbered, described and licensed. But the judge overruled the motion.

The district attorney called the town clerk of Medway as a witness, and asked him if the defendant did not, on a day subsequent to that alleged in the complaint, apply to him for a license — not for the purpose of proving that such a license had been obtained, but as tending to show that he was the owner or keeper of the dog at the time he so applied. The defendant objected to the question; but the judge allowed it to be put and answered. The defendant, being found guilty, alleged exceptions.

*B. W. Whitney*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

METCALF, J. As there is no motion in arrest of judgment, we do not decide whether the complaint is sufficient to sustain the conviction. It was a matter of discretion with the judge whether he would dismiss the complaint, and his refusal so to do is not a legal ground of exception.

The testimony of the clerk of the town of Medway was legally admissible for the purpose for which it was admitted.

*Exceptions overruled.*